## SUPREME COURT—IN BANCO.

### JANUARY TERM—1869.

*Allen, Ch. J., Hartwell and Austin, J. J.*

### JOHN H. WOOD *vs.* HOOKINA.

IN A complaint under the MASTERS AND SERVANTS LAW, the MASTER'S BOOKS may go in evidence.

WAGES must be paid during the PENAL SERVICE, and for failure to pay them, the CONTRACT is broken on the part of the master, and his complaint is dismissed.

The LAPSE OF TIME is no bar to PENAL ENFORCEMENT of a CONTRACT OF LABOR.

Opinion by ALLEN, Ch. J.

This is an appeal from the Circuit Judge of Oahu, on a complaint for willful desertion of labor. It appears from the evidence that the respondent entered into a contract, on the 17th of October, 1864, to labor for the term of thirteen months for the complainant, for wages at nine dollars per month, finding himself. It appears that he had deserted several times ; that at one time, after an absence of about a year, he was arrested and penal service imposed, and ordered to service. But the case before us, at this time, arises in the following manner : The respondent was arrested for desertion, brought before the police magistrate of Honolulu, and judgment was given against him, from which an appeal was

taken to the Circuit Judge, in January, 1868. The judgment of the Circuit Judge was that the respondent should return to labor for the complainant for eight months. The respondent returned to service and continued there for more than eight months, and deserted. A complaint was made that he had not complied with the judgment of the Court, because he had, in fact, worked but one hundred and fifteen days on the judgment, when he should have worked two hundred and eight days. Judgment was given against him in the Police Court, on which an appeal was taken to the Circuit Judge, and he reversed that judgment, from which the complainant appealed to this Court. The books of the complainant were offered in evidence, to show the time the respondent had actually labored. It appeared that the complainant made out a weekly statement of labor performed by his employees, and that each one had a small book in which a weekly statement made of their labor was entered, and that the respondent had one of these books. Objection was made to the introduction of this evidence, but the Court regarded it as of a very satisfactory character, from the fact that it was virtually an agreement of the amount of labor performed during the week, unless objection was made before the Court, and sustained by the oath of the respondent, that the account was incorrect—which was not done in this case. It appeared by this evidence, that one hundred and fifteen days' labor had been performed from January to September, 1868, and that the respondent was frequently absent without permission.

The complainant states in his evidence that he did not supply the respondent with food regularly, and did not pay him, as he understood that the work for the time adjudged by the Court was without pay—still, when he asked him for money, or fish, or beef, he always gave him ; but it was not pretended that these occasional supplies were in full satisfaction of the terms of the original contract.

John H. Wood *v.* Hookina.

It is contended by the counsel for the respondent that, although the service adjudged by the Court to be performed on account of desertion was in addition to the term specified in the contract, still, neither in terms nor in its spirit, does the statute justify the position taken by the complainant that he was not under obligation to pay him wages. The wages by the contract are nine dollars per month—the employee to find himself. If the doctrine contended for by the complainant is sound, from what source is his daily food to be furnished? All that can be asked of a party is to fulfill the contract, with the damages or penalties which the law imposes. In cases of this character, the law authorizes the magistrate to impose additional term of service, but is silent on the subject of wages. The clear inference is, therefore, that the only penalty intended was the extension of the term of service to a deserter who had shown determined disposition not to fulfill his contract. A law of this character must be construed strictly; therefore it is clear that wages should have been paid if the party complied with the judgment of the Court, by performing the labor required of him. It is due to the complainant to say that he furnished food when requested:

The respondent, during the term of service adjudged by the Court, frequently absented himself, in violation of the judgment, and the complainant paid him no wages, in conformity to the contract, and we regard it is a case in which neither party fulfilled his obligations. It is not clear which violated those obligations in the first instance; but it may be regarded as a mixed case, where there was continual violation by both parties. It being, however, incumbent on the complainant to make out his case, we are of opinion that he has not done so.

It is proper to remark that the complainant was of opinion that the respondent, for the additional term of service imposed by the Court for willful absence, was not entitled to wages.

John H. Wood *v.* Hookina.

It is further contended that the judgment was illegal because the additional term of service imposed extended beyond one year next after the end of the original term of service.

The question which arises in this case is this: When does a contract terminate—at the time specified in its terms, or on its fulfillment? It is a sound legal proposition that a party is not relieved of the responsibilities of his contract until it is fulfilled—unless by agreement.

Contracts of this character are usually made conditioned for an advance, and, if this construction of the law should obtain, it would be an inducement to make a contract, receive the advance, ship as a seaman, as the respondent did, and remain abroad till the time has expired, and then come into Court and claim an exemption; or, if he preferred not to remain at sea so long at one time, he can do as the respondent did, desert two or three times, and, after short absences, the time will have elapsed. He enjoys his advance, and complies, as it is contended, with his contract. This could not have been the intention of the Legislature—the law never aids a man in a dishonest purpose. We regard this view of the statute as against a sound legal construction, as well as against the authorities.

Judgment of the Circuit Judge affirmed.

I fully concur with the final decision of this case, and with the rulings of the Court on all the questions it presents, with the exception of the construction of Section 1419. With deep respect and deference to the opinion of His Honor, the Chief Justice, and of my associate, I respectfully dissent from the construction given to the words of the statute, fixing as a limit for additional service, "one year next after the end of the original term of service."

It seems clear to me that this limit is to be computed by time alone, computing from the date at which the service, by the contract, begins, and that the end of the "original term of service" cannot mean the *performance* of the service,

and that penal service beyond this limit of time is not under this statute.                                   ALFRED S. HARTWELL,
*Associate Justice.*

Judgment rendered March 29th, 1869, by consent, as of the last of the January Term.

Mr. W. C. Jones, for plaintiff.

Messrs. F. H. Harris and Kahalewai, for defendant.

*Wood vs. Lauhulu,* a similar case to the above, was concluded by the court to fall under the principles of the above judgment.

W. C. Jones, for plaintiff.

Messrs. A. F. Judd and Keawehunahala, for defendant.